# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| London W., et al., | ) | CASE NO: 5:15CV1327 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| James W., II, et al., | ) | (Resolving Doc. 6) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Raymond Bules' motion to dismiss the complaint (Doc. 6) as it relates to him.  Plaintiff London W. ("Mother") has opposed the motion, and Bules has replied.  The motion to dismiss is GRANTED.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

> complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id.*  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Facts**

On July 2, 2015, Mother filed her complaint against James W. ("Father"), Vista Psychological & Counseling Centre, LLC, Sarah Lombardi, and Bules. The complaint's core allegations revolved around a claim that Father installed spyware on the cellular phone of Mother and Father's minor child, J.W.  Mother claims that Father then instructed J.W. to place the phone in certain locations in Mother's home.  Father then

2

utilized the phone to "surreptitiously record her oral communications and to watch and record her through a video monitor."

The complaint raises numerous causes of action, including violations of the state and federal wiretap prohibitions, invasion of privacy, intentional infliction of emotional distress, and failure to report suspected child abuse or neglect. The latter claim is directed at Bules to the extent that the complaint alleges that Father made him aware of his unlawful recording and Bules did not report the matter to the authorities. Bules has asserted that these facts do not properly allege a cause of action against him. Mother has opposed his arguments. The Court now resolves the parties' arguments.

**III. Analysis**

Ohio Revised Code § 2151.421(A)(1)(a) provides as follows:

(A)(1)(a) No person described in division (A)(1)(b) of this section who is acting in an official or professional capacity and knows, or has reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that a child under eighteen years of age or a mentally retarded, developmentally disabled, or physically impaired child under twenty-one years of age has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child shall fail to immediately report that knowledge or reasonable cause to suspect to the entity or persons specified in this division. Except as provided in section 5120.173 of the Revised Code, the person making the report shall make it to the public children services agency or a municipal or county peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred. In the circumstances described in section 5120.173 of the Revised Code, the person making the report shall make it to the entity specified in that section.

Mother asserts that she has properly alleged a statutory violation because Father's acts constituted abuse or neglect. Initially, the Court would note that it agrees with Mother that she need not prove that the attorney-client privilege is inapplicable to survive a motion to dismiss. Rather, resolution of that issue would be more proper at the summary

3

judgment stage. Accordingly, the Court does not review the parties' arguments on that issue.

However, the Court does not find merit in Mother's contention that her complaint demonstrates that reasonable minds could conclude that Father "was actively engaged in violation of his duty of care and protection to his child" such to trigger a reporting requirement. Doc. 18 at 8-9. In support of this argument, Mother raises one argument: that Father contributed to the delinquency or unruliness of a minor by utilizing his child in his recording scheme. Accepting this fact as true, Mother has provided this Court no authority to suggest that contributing to the unruliness of a minor *automatically* triggers the reporting requirements of O.R.C. 2151.421. Rather, Mother has relied upon conclusory statements with no underlying analysis. As such, the Court cannot conclude that the complaint has stated a viable cause of action.

From all appearances, both Bules and Defendant Sarah Lombardi have been drawn into this litigation by virtue of being tangentially involved in the parties' underlying domestic dispute.[1] Neither is alleged to have taken any affirmative acts, nor even encouraged the acts of Father. Finally, Mother's sole argument in her opposition has not been shown to impose a reporting requirement on Bules. As such, the Court will dismiss the complaint against Bules.

The Court, however, declines to award any fees to Bules related to the litigation. Simply stated, Mother's complaint is not so far removed from viable to warrant attorney fees. If proven, the facts alleged against Father certainly paint him in an unflattering light. Conceivably, if argued differently with additional facts, Mother could have alleged

---

[1] The Court would note that the court more intimately involved with the facts of this matter was made aware of the allegations surrounding Father's use of the spyware prior to this Court and has taken no action of any kind on the matter.

a proper cause of action under the reporting statute. Accordingly, the Court will not impose attorney fees.

## IV. Conclusion

Bules' motion to dismiss is GRANTED. The complaint against Bules is hereby dismissed.

IT IS SO ORDERED.


December 15, 2015                    /s/ Judge John R. Adams
Date                                 JUDGE JOHN R. ADAMS
                                     UNITED STATES DISTRICT COURT