UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| London W., et al., | ) | CASE NO: 5:15CV1327 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| James W., II, et al., | ) | (Resolving Doc. 51) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff London W.'s ("Mother") motion for reconsideration. In her motion, Mother asks that this Court reconsider its dismissal of Defendant Raymond Bules. To the extent that Mother contends that the Court failed to specifically provide reasons for dismissal of each the conspiracy claims plead against Bules, the motion is GRANTED. However, the claims against Bules shall remain dismissed.

Within her motion, Mother asserts that "None of these causes of action were the subject of Defendant Bules' Motion to Dismiss." Doc. 51 at 2. However, Bules' motion to dismiss asserted as follows:

> Plaintiffs fail to assert, let alone allege with specificity, that Attorney Bules acted or took part in any way in the alleged actions that are the basis their claims of wire tapping, invasion of privacy, or intentional infliction of emotional distress.
>
> Plaintiffs blanket assertions that the Defendants "separately or together" committed Counts III (Invasion of Privacy) and IV (IIED), and Plaintiffs blanket assertion that all Defendants "joined together in a conspiracy with other Defendants" on the wire tapping allegations, Counts I and II, do not

> suffice to permit this matter to proceed against Attorney Bules and must be dismissed under Civ. R. 12(b)(6).

Doc. 14 at 3. Mother's opposition to the motion to dismiss did not address this argument in any manner. See Doc. 18.

> With respect to civil conspiracy claims, the Sixth Circuit has noted:
>
> [I]n order to establish a claim of civil conspiracy, the following elements must be proven: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 629 N.E.2d 28, 33 (1993).
>
> The District of Columbia Circuit has succinctly identified the following difference between the torts of conspiracy to commit fraud and aiding and abetting fraud: "The prime distinction between civil conspiracies and aiding-abetting is that a conspiracy involves an agreement to participate in a wrongful activity.

*Aetna Cas. & Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 534 (6th Cir. 2000).

> Whereas "[a]iding-abetting focuses on whether a defendant knowingly gave 'substantial assistance' to someone who performed wrongful conduct," conspiracy focuses "on whether the defendant agreed to *join in* the wrongful conduct." *Halberstam v. Welch*, 705 F.2d 472, 478 (D.C.Cir.1983) (emphasis added).

Id. at 538.

In her amended complaint, Mother claims that: "All Defendants, joining together in a conspiracy, intentionally intercepted oral communications of Plaintiffs London W. and Shawn Daniels without their consent and in violation of 18 U.S.C.§2511." Doc. 5 at 7. Mother further alleges that "Each Defendant separately and/or joining together in a conspiracy, violated Ohio Revised Code §2933.52 and other Ohio Statutes by intercepting, attempting to intercept or procuring another person to intercept or attempt to intercept oral communications of Plaintiffs." Doc. 5 at 7. Mother also asserted: "Each

Defendant, together or separately, without the authorization of Plaintiffs, intentionally invaded the private affairs of Plaintiffs Shawn Daniels and London W." Doc. 5 at 8. Finally, Mother asserted: "The Defendants, separately or together intentionally violated federal and state law for the purpose of invading the privacy of Plaintiffs London W. and Shawn Daniels and that such conduct was so extreme and outrageous in degree as to go beyond all possible bounds of decency and would be viewed as utterly intolerable in a civilized community." Doc. 5 at 9.

At no point does the complaint allege any fact to suggest that Bules joined in any conduct with Defendant James W. ("Father"). For that matter, the complaint does not even make the lesser allegation that Bules substantially assisted Father in any of his actions. Rather, the complaint's sole substantive allegation against Bules relates to his failure to report Father's alleged conduct. Having concluded that this failure to report does not create a substantive claim, it follows directly that it also cannot serve as the basis for tying Bules to any of the claims through some form of conspiracy.

Accordingly, the motion for reconsideration is GRANTED. However, the claims against Bules remain dismissed for the reasons stated above. For the reasons stated in its prior dismissal, the Court continues to decline to award attorney fees related to his dismissal.

IT IS SO ORDERED.


    December 29, 2015                            /s/ Judge John R. Adams
    Date                                           JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT